AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Pedro Enrique Torres-Mier** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR00666-001JB**<br>USM Number: **60674-051**<br>Defense Attorney: **Joesph Riggs, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Heroin | 05/26/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2 and 3 of Indictment** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 12, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 26, 2012**
Date Signed

Defendant: **Pedro Enrique Torres-Mier**
Case Number: **1:11CR00666-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Pedro Enrique Torres-Mier, pursuant to a Plea Agreement, filed July 21, 2012 (Doc. 30), pled guilty to Count 1 of the Indictment, filed March 22, 2011 (Doc. 12), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), that being distribution of a quantity of heroin. The parties stipulate that "[a]t least 10 grams but less than 20 grams of heroin are attributable" to Torres-Mier. Plea Agreement ¶ 10, at 4. The parties agree to a 3-level reduction on Torres-Mier`s offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 10, at 4-5. Pursuant to the Plea Agreement, Torres-Mier "waives the right to appeal [his] conviction(s) and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Plea Agreement ¶ 14, at 8.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Torres-Mier on September 13, 2011. In the PSR, the USPO calculates Torres-Mier`s total offense level to be 17. See PSR ¶ 35, at 8. The PSR applies a base offense level of 18 pursuant to U.S.S.G. § 2D1.1(c)(12). See PSR ¶ 28, at 7. The PSR includes a 2-level upward adjustment under U.S.S.G. § 3B1.19(c) based on Torres-Mier serving as a an "organizer, leader, manager, or supervisor" within the meaning of U.S.S.G. § 3B1.1(c). PSR ¶ 31, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Torres-Mier`s acceptance of responsibility. See PSR ¶ 34, at 8. The PSR lists his criminal history category as II, based on 3 criminal history points. See PSR ¶ 39, at 9. The PSR calculates that an offense level of 17 and a criminal history category of II results in a guideline imprisonment range of 27 to 33 months. See PSR ¶ 56, at 12. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Torres-Mier asks the Court for an 18-month sentence. Plaintiff United States of America did not oppose this requested sentence at the sentencing hearing on April 12, 2012. At the sentencing hearing, the parties agreed to the Court reducing Torres-Mier`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. Torres-Mier argued that his criminal history category over-represented the serious of his criminal history, and the Court granted his request for a downward departure, thus making Torres-Mier`s criminal history category a criminal history category I. Other than on the issue of Torres-Mier`s criminal history category, the Court adopts the PSR`s sentencing calculation as its own. A criminal offense level of 17 and a criminal history category of I produces a guideline sentence of 24 to 30 months.**

**Between May 26, 2010 and June 2, 2010, Torres-Mier unlawfully, knowingly, and intentionally, distributed heroin to undercover law enforcement agents. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Torres-Mier`s offense. The Court concludes that a sentence of 18 months is sufficient to reflect the seriousness of this offense. The United States has acknowledged that Torres-Mier provided, as best as he could, helpful information to it regarding some of the criminal activity in which he was involved. This action is a risky one for defendants in Torres-Mier`s position, and the Court believes that this situation counsels in favor of some variance.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 18 months is appropriate to reflect the seriousness of Torres-Mier`s crime. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The United States noted that it could not establish by a preponderance of the evidence a larger drug amount attributable to Torres-Mier given complications with the admissibility of Torres-Mier`s potentially involuntary statements. Thus, given the amount of drugs the United States can prove by a preponderance of the evidence were involved, the sentence reflects the seriousness of the offense. In light of Torres-Mier`s relatively minor criminal history and his willingness to work with the United States, the sentence promotes respect for the law and provides just punishment. Torres-Mier will now have a federal felony conviction on his record for the rest of his life. Thus, the Court concludes that the sentence affords adequate deterrence to both Torres-Mier and the public generally. In light of Torres-Mier`s minimal criminal history, the Court concludes that the sentence adequately protects the public. Given that Torres-Mier has done more than most**

defendants by working with the United States, the Court concludes that the sentence does not promote unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Torres-Mier to 18-months imprisonment.

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
  ☐   at  on
  ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Pedro Enrique Torres-Mier**
Case Number: **1:11CR00666-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Pedro Enrique Torres-Mier**
Case Number: **1:11CR00666-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Pedro Enrique Torres-Mier**
Case Number: **1:11CR00666-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.